PARSONS, Respondent, vs. HUNKINS and another, Appellants.

*January 31 — February 23, 1894.*

*Temporary injunction: Chattel mortgage.*

In an action against mother and son, the verified complaint alleged that plaintiff and the son had been partners and that each had borrowed $1,500 from the mother, each giving a chattel mortgage on his undivided interest in the firm property; that afterwards it was agreed that the son should sell out his interest, and that one M. agreed to buy it if the mortgage liens on the property were removed; that thereupon the mortgage on the son's interest was canceled, and the mother agreed to surrender and discharge the mortgage on plaintiff's interest and take his note without security; that, relying on this understanding, M. purchased the son's interest, but the mother refused to surrender or discharge the mortgage on plaintiff's interest, and assigned it to the son, who threatened to foreclose it. The prayer was that such assignment be set aside, that the son be restrained from foreclosing or transferring the mortgage, and that it be delivered up to plaintiff. Upon a motion to dissolve a preliminary injunction, the mother, by affidavit, denied that she had agreed to discharge plaintiff's mortgage; but both her affidavit and the son's were silent as to the understanding upon which M. had purchased the son's interest. The affidavits of M. and of an attorney who was present when the sale was negotiated corroborated the complaint in respect to such understanding. *Held,* that the motion to dissolve was properly denied.

APPEAL from the Circuit Court for *Waukesha* County. The case is stated in the opinion.

For the appellants there were briefs by *Ryan & Merton,* and oral argument by *T. E. Ryan.*

For the respondent there was a brief by *Armin & Tichenor,* and oral argument by *C. E. Armin.*

ORTON, C. J. This action is brought to set aside and cancel the assignment of a certain note and mortgage given by the plaintiff to the defendant *Aurelia S. Hunkins* on the 4th day of January, 1893, made by the said defendant

*Aurelia S. Hunkins* to the defendant *Wilber F. Hunkins*, and to restrain and enjoin the said *Wilber F. Hunkins* from foreclosing said mortgage or taking possession of the personal property covered thereby, and from transferring or parting with said mortgage or note, and to compel the delivery of the same to the said plaintiff. The said note is for the sum of $1,500, payable two years from date, with interest at the rate of seven per cent. per annum. The said mortgage is on the undivided one-half of the property of the "Bus and Freight Line" in the village of Waukesha, belonging to the plaintiff, as his interest in the partnership of himself and the said *Wilber F. Hunkins*, operating said business. A preliminary injunction, as prayed for, was allowed by the court, and on motion to dissolve the same, predicated on certain affidavits, the court ordered that the said injunction be continued during the pendency of the action. From that order the defendants have appealed.

The material facts set forth in the complaint are substantially as follows: The plaintiff and the defendant *Wilber F. Hunkins* formed a partnership in said business the 1st day of March, 1891, and continued until a short time before the commencement of this action. The said *Wilber F. Hunkins*, who is a son of the defendant *Aurelia S. Hunkins*, borrowed from her a like sum of $1,500, and gave her his note and mortgage on his interest in the partnership property at the same date, and on the same terms of the said mortgage given to her by the plaintiff, who is her son-in-law. Having disagreed in the management of the business, the plaintiff commenced an action to terminate the partnership and close up its affairs. It was then agreed that the said *Hunkins* should sell out his interest in the concern. One Charles McCumber offered to buy said interest, on condition that the mortgage liens on the property should be removed, and he refused to buy unless they were

so removed. Thereupon the *Hunkins* mortgage was canceled, and the said *Aurelia S. Hunkins* agreed to surrender and discharge the plaintiff's mortgage, and take his note for the same amount without security. Relying on that understanding, the said McCumber purchased the interest of the said *Wilbur F. Hunkins;* but the said *Aurelia S. Hunkins* refused to surrender or cancel said mortgage, and, on the contrary, sold and assigned said mortgage to her son, the said defendant *Wilber F. Hunkins,* who now threatens to foreclose the same and disturb thereby the business of the new firm. The complaint is verified.

In her affidavit the said *Aurelia S. Hunkins* denies that she ever agreed to cancel said mortgage, but her affidavit is silent as to the terms and conditions upon which the said McCumber purchased her son's interest in the partnership. The affidavit of *W. F. Hunkins* is silent as to any such understanding. He does not deny that there was such an agreement. The plaintiff repeats the main facts of the complaint in a counter affidavit. T. W. Parkinson, Esq., the attorney who was present when the sale was negotiated to the said McCumber, and drew some of the papers, says, in effect, in his affidavit, that it was the general understanding that the said McCumber insisted upon the release of said mortgage as the condition of his purchasing a half interest in the concern. The said McCumber in his affidavit states, in effect, that he understood that the mortgage was to be released, and he would not have purchased the interest of *Wilber F. Hunkins* if he had supposed that it would not be released, and that he purchased it on that express condition.

It is evident that the said *Aurelia S. Hunkins,* the mother, understood that such was the condition upon which the purchase was made, as she released her mortgage on the property given by the said *Wilber* for such purpose, and knew that the said McCumber would not purchase the in-

terest of her son unless the property was clear of incumbrance. These facts she does not deny, but simply says, in short, that she did not agree to release her mortgage. The facts and circumstances corroborate the statement of the plaintiff in his complaint and affidavit. At all events, it can do no harm to any one to continue the injunction until the termination of the suit. The circuit court did right in so ordering.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.